ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAY -3 AM 10:33
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL D. DYER,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-019 |
| | ) |
| JASON MEDLIN, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP").[2] As Plaintiff's amended complaint was filed IFP, it must be

---

[1] As previously pointed out in the Order granting Plaintiff permission to proceed IFP (see doc. no. 9, p. 1), the Court again notes that Plaintiff has listed several other inmates as plaintiffs in the amended complaint. (See doc. no. 8, pp. 1, 5.) However, because none of those other inmates have paid a filing fee or filed a motion to proceed IFP, and because Eleventh Circuit law prohibits multiple plaintiffs from proceeding *in forma pauperis* in the same civil action, see Hubbard v. Haley, 262 F.3d 1194, 1196-98 (11th Cir. 2001), the other inmates listed in the amended complaint will not be included as plaintiffs in this lawsuit. Any such inmate desiring to bring suit against Defendants must initiate a separate action by submitting a signed complaint and either paying the applicable filing fee or filing a motion to proceed IFP. See id.; Loc. R. 4.1.

[2] On March 6, 2013, the Court denied Plaintiff's motion to proceed IFP based on his failure to provide current financial information. (Doc. no. 3, p. 1.) In the same Order, the Court directed Plaintiff to submit an amended complaint due to his improper use of the standard form for the Superior Courts of Georgia in filing his original complaint. (Id. at 2-3.) Plaintiff subsequently filed a new motion to proceed IFP (doc. no. 7), which was granted, as well as a series of amended complaints (doc. nos. 4, 5, 6, 8). Because only Plaintiff's most recent amended complaint is in compliance with the Court's March 6th Order that he attach no more than six handwritten pages to his amended complaint (doc. no. 3, p. 3) – and

screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. After a review of Plaintiff's amended complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality

---

because Plaintiff accordingly requests that the Court disregard his previous, noncompliant amended complaints (doc. no. 8, p. 15) – the Court will treat Plaintiff's April 15, 2013 amended complaint as the operative pleading here (doc. no. 8).

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[4] (Doc. no. 8, pp. 1-3.) Under penalty of perjury, Plaintiff stated that he has never before brought any lawsuit in federal court. (Id. at 2.)

However, the Court is aware of at least two other § 1983 cases that Plaintiff previously filed in federal court. See Dyer v. Rheemic, CV 207-061 (N.D. Ga. Sept. 7, 2007); Dyer v. Rheemic, CV 207-078 (N.D. Ga. Sept. 11, 2007).[5] Moreover, the Court notes that, in addition to Plaintiff failing to disclose that he had previously filed CV 207-061 and CV 207-078, he has also written "n/a" on his complaint form next to the question concerning whether he has ever had a suit dismissed on the ground that it was frivolous or failed to state

---

[4]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 3.)

[5]The Court notes that, in addition to Plaintiff failing to disclose that he had previously filed CV 207-061 and CV 207-078, he has also written "n/a" on his complaint form next to the question concerning whether he has ever had a suit dismissed on the ground that it was frivolous or failed to state a claim. (Doc. no. 8, p. 3.) However, CV 207-061 was dismissed for failure to state a claim and CV 207-078 was dismissed as frivolous. See CV 207-061, doc. no. 3; CV 207-078, doc. no. 3.

3

a claim. (Doc. no. 8, p. 3.) However, CV 207-061 was dismissed for failure to state a claim and CV 207-078 was dismissed as frivolous. See CV 207-061, doc. no. 3; CV 207-078, doc. no. 3. Thus, Plaintiff clearly provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[6]

---

[6]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this

4

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.[7] See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right.").

SO REPORTED and RECOMMENDED this 3rd day of May, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[7]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006).