# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JUN -3  AM 9:39

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL D. DYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-019 |
| | ) |
| JASON MEDLIN, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 17, 18). In his R&R, the Magistrate Judge – without reaching the merits of Plaintiff's claims – recommended that Plaintiff's complaint be dismissed due to his abuse of the judicial process by failing to disclose two prior cases that he had filed in federal court. (Doc. no. 14.) In his lengthy objections – a considerable part of which concern the merits of his claims and his ongoing problems at Wheeler Correctional Facility and therefore do not warrant further discussion – Plaintiff asserts that, although he completed the complaint forms for his previous two cases and delivered them to the proper officers at his place of incarceration for mailing with the correct postage affixed, the ensuing rulings entered in those cases were never forwarded to him following his transfer to a new location. (Doc. no. 17, p. 1; doc. no. 18, p. 1.) Thus, Plaintiff appears to contend that he was unaware of the fact that the cases he prepared were indeed filed in federal court. (Doc. nos, 17, 18.)

The Court finds Plaintiff's argument entirely unpersuasive, especially considering that the "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" simply directs the prisoner to disclose whether he has brought any previous lawsuits in federal court while incarcerated or detained. (See doc. no. 8, p. 2.) By his own admission, Plaintiff carried out every necessary step towards filing a lawsuit on two separate occasions, in that he completed the correct form, affixed the proper amount of postage, and delivered the form to the appropriate detention center officers for mailing. (Doc. no. 17, p. 1.) The fact that subsequent court orders in those cases were not delivered to him as a result of his being transferred does not somehow equate to a finding that Plaintiff simply had no knowledge that he filed those cases.[1] Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice, and this civil action is **CLOSED**.[2]

SO ORDERED this 3rd day of June, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, Plaintiff conveniently fails to indicate whether he made any attempt whatsoever to keep the Court apprised of his current address after he was transferred to a new place of incarceration.

[2] Given the Court's ruling that this civil action is closed, Plaintiff's May 3, 2013 motion requesting subpoenas is **DENIED** as **MOOT**. (Doc. no. 16.)